# IN THE COURT OF APPEALS OF IOWA

No. 14-0176
Filed April 16, 2014

IN THE INTEREST OF J.J., M.J. and P.J.,
    Minor Children,

K.J., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

K.J. appeals the juvenile court order terminating his parental rights. **AFFIRMED.**

Neill A. Kroeger, LeClaire, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Mike Wolf, County Attorney, and Cheryl J. Newport, Assistant County Attorney, for appellee.

Lucy Valainis, Davenport, for mother

Edward Cross, Clinton, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Bower, JJ. Tabor, J. takes no part.

**BOWER, J.**

K.J. appeals the juvenile court order terminating his parental rights. He contends there was not clear and convincing evidence to terminate his rights, and the juvenile court should have granted him additional time to allow for the return of his children. We find the evidence supports termination of K.J.'s parental rights, and there is no reason to believe additional time would result in reunification. We affirm.

## I.      Background Facts and Proceedings

K.J. is the father of three children, J.J, M.J., and P.J. On January 10, 2014, the juvenile court terminated his parental rights to all three children on identical grounds.[1] The termination was the result of a second lengthy interaction between the family and the department of human services (DHS). The most recent involvement started after the children were found, on a cold day, unsupervised near a busy street. The children were removed because of supervision issues and domestic violence between the parents.

It became clear to DHS that K.J. was involved in the lives of his children, but only to a limited extent. K.J. testified that his role as a parent was defined by working and providing financially for the children, and the mother was in charge of the children's day-to-day care. The situation with the children is complicated because each child suffers from some level of developmental difficulty and very serious health issues. The children require regular doctor's appointments and must have special care to address their needs. Until the mother decided to

---

[1] The mother of the three children voluntarily terminated her parental rights.

voluntarily terminate her parental rights, in October 2013, K.J. had no role in caring for the children and meeting their needs on a regular basis.

Since the mother voluntarily terminated her parental rights, K.J. claims to have increased his involvement with the children, though he admits it took him a period of time to come to terms with his new role. There is evidence K.J.'s statements have not matched his actions. He has failed to participate regularly in family team meetings or anger management classes and has struggled to make and keep medical appointments for the children, often blaming DHS for failing to remind him. During other medical appointments, he demonstrated a lack of knowledge of the children's needs.

There are many troubling examples of K.J.'s inability to care properly for the children, but one is of particular concern. During a home visit, service providers found a child's pants hanging over a chair near an open and hot oven. K.J. had placed the pants there so he could use the oven to dry them, using only a chair to prevent the children from coming in contact with the oven.

Following the termination hearing, the juvenile court found K.J.'s answers to be evasive, often saying the right thing even though his actions were contrary. The juvenile court faulted K.J. for his ongoing inability to provide the children with the medical care they require and found K.J. does not adequately understand their needs.

## II.      Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the juvenile court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III.      Discussion

The juvenile court terminated K.J.'s parental rights pursuant to Iowa Code section 232.116(1)(d), (h), and (i) (2013). K.J. does not raise specific objections to any of these provisions, but generally states the juvenile court's decision was not supported by clear and convincing evidence.

Section 232.116(1)(d) allows for termination of parental rights where the child has been neglected and the parent was offered services that have failed to resolve the circumstances. Similarly, section 232.116(1)(i) allows for termination when the child has suffered neglect that posed a significant risk to the child and services would not remedy the situation. Section 232.116(1)(h) permits termination for children under three years of age who have been removed from the parent's care for at least six of the past twelve months, or at least six consecutive months, and the child cannot be returned to the parent. If the court finds clear and convincing evidence for any of those criteria, we proceed to an analysis of best interests under section 232.116(2). *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (setting forth a three-step termination analysis). Finally, we are to consider whether any of the exceptions to termination under section 232.116(3) apply.

Upon a review of the record, we agree with the assessment of the juvenile court. K.J.'s continued inability to appreciate and adequately address the significant health issues faced by the children places them in on-going danger. The incident where the children were exposed to an open and hot oven shows K.J. continues to place the children in danger, and his testimony failed to show he understood the seriousness of the situation. We particularly credit the court's assessment that although K.J. often says the right thing, his actions have not matched his words. K.J. did testify to his bond with the children; however the reluctance and inconsistency with which he accepted his role as parent and sole caretaker of the children indicates additional time would not rectify the problems or allow for the permanent return of the children. We find termination to be in the best interests of the children. Accordingly, we affirm.

**AFFIRMED.**